IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**EVDOKIA SNEGRIEV,**                                          6:12-cv-01151- RE

                    Plaintiff,                          **OPINION AND ORDER**


        v.


**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

                    Defendant.


**REDDEN**, Judge:

Plaintiff Evdokia Snegriev ("Snegriev") brings this action to obtain judicial review of a

final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her claim for disability insurance benefits ("DIB") and supplemental security income

benefits ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed

and this matter is dismissed .

1 - OPINION AND ORDER

## BACKGROUND

Snegriev filed her applications for SSI and DIB on April 23, 2009, alleging disability since March 30, 2008, due to left hand carpal tunnel syndrome ("CTS") and migraines Tr. 163-64. Snegriev was 39 years old on her alleged onset date. She has a GED and a Certified Nursing Assistant ("CNA") license. Her application was denied initially and upon reconsideration. A hearing was held on March 29, 2011. The Administrative Law Judge ("ALJ") found her not disabled. Snegriev's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Snegriev had the medically determinable severe impairments of chronic left upper extremity pain, status post unsuccessful carpal tunnel release; right side carpal tunnel syndrome, status post surgical release; obesity; hypertension; and major depressive disorder. Tr. 22.

The ALJ found that Snegriev's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 13.

The ALJ determined Snegriev retained the residual functional capacity ("RFC") to perform a reduced range of light work, sitting for no more than six hours in an eight hour day, and walking and standing for six hours in an eight hour day. She can occasionally engage in overhead reaching bilaterally. She can frequently, but not constantly, grip or grasp with the left hand. She must avoid constant leaning on her left elbow. Her right hand and elbow is unlimited. "Due to her depressive symptoms and the effects of pain and medication, she is limited to simple,

routine tasks of 1-2 steps that do not exceed a reasoning level of 3 or less, as defined by the Dictionary of Occupational Titles." Tr. 23.

The ALJ found Snegriev could not perform her past relevant work as a caregiver, but was capable of working as a security guard, a surveillance system monitor, or an office helper. Tr. 27-28.

Snegriev argues that the ALJ erred by: (1) finding her not fully credible; (2) improperly weighing lay witness evidence; and (3) improperly weighing the medical evidence.

## DISCUSSION

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F3d at 724. *See also Holohan v. Massinari,* 246 F3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F3d 947, 958 (9th Cir 2002).

3 - OPINION AND ORDER

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F3d 1273, 1281 (9th Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an under-lying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282.

The ALJ found Plaintiff not credible to the extent that her allegations exceed the RFC. Tr. 24. Snegriev stated that she could not walk "even a block." Tr. 176. She stated that she cannot hold anything with her left hand. Tr. 62. The ALJ found the objective evidence did not support the degree of limitation alleged, citing electrodiagnostic studies which revealed only mild CTS. Tr. 25, 230. The ALJ noted the September 2008 report of treating physician Denis Dalisky, M.D., who stated that Plaintiff was unable to use her left hand, and Dr. Dalisky's contradictory January 2009 report that Plaintiff had no sensory or motor loss, and her balance, gait, coordination and fine motor skills were all "normal." Tr. 25, 251. The ALJ noted objective medical findings directly contradicting Snegriev's reports. On November 17, 2008, John Ballard, M.D., found Plaintiff had a good grip, and he confirmed that finding on January 5, 2009. Tr. 25,

4 - OPINION AND ORDER

235, 237. On May 7, 2009, Dr. Ballard recorded full strength and grossly normal sensation. Tr. 232.

The ALJ noted the November 2009 assessment of Jeffrey Knight, M.D., who found Snegriev's grip strength in the left wrist of forty pounds. Tr. 25, 297. The ALJ cited the January 2011 report of treating physician Michael Grady, M.D., who found Plaintiff was maintaining good exercise habits and opined she had "[n]o physical disability and activities of daily living were normal." Tr. 25, 319, 327.

The ALJ properly found that the incongruity between the medical record and Plaintiff's allegations about her physical limitations was substantial evidence to find Plaintiff less than fully credible.

Plaintiff testified that she gets so depressed she spends three days crying in her bedroom. Tr. 66. She testified that she has a poor memory and her son reminded her to pay bills and go to appointments. *Id.* The ALJ properly noted the July 2009 psychodiagnostic evaluation of Maribeth Kallemeyn, Ph.D. Tr. 25, 260-64. Dr. Kallemeyn diagnosed a major depressive episode, "estimated in the mild range," with depressed mood, low energy, reduced concentration, sleep disturbance and worry. Tr. 263. Snegriev reported she did household chores, cared for her two children, drove, and was looking for work. *Id.*

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1161 (9th Cir. 2008). The ALJ identified clear and convincing reasons to find Snegriev less than fully credible.

**II. Lay Testimony**

The ALJ has a duty to consider lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512. The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Bobbi Tyron, Plaintiff's friend and neighbor, completed a function report in June 2009. Tr. 180-87. Ms. Tyron said Snegriev has significant limitations because she can only use one hand and has trouble concentrating. Tr. 181, 185. The ALJ noted Ms. Tyron's statements and found that not entirely consistent with the objective medical evidence. Tr. 26. This is a germane reason and the ALJ did not err in giving Ms. Tyron's statement limited weight.

## III. Medical Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject

6 - OPINION AND ORDER

physician opinions that are "brief, conclusory, and inadequately supported by clinical findings."

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A. Maribeth Kallemeyn , Ph.D.

Snegriev argues that the ALJ failed to give adequate weight to Dr. Kallemeyn's report

that "[w]ith regard to her complaints of reduced concentration, in the current mental status

evaluation she performed in the borderline impaired range on a test of attention/concentration."

Tr. 263. Snegriev contends that the ALJ failed to include functional limitations related to

attention and concentration in her RFC, and argues that she would have periods of time, from ten

to 30 minutes, when she would be off task due to lapses in attention or concentration.

Dr. Kallemeyn did not identify any functional limitations arising from a "borderline

impaired range" of attention and concentration. Snegriev cites no evidence for the assertion that

she would be off task for ten to 30 minutes due to lapses of attention or concentration.

Moreover, the ALJ limited Snegriev to "simple, routine tasks of 1-2 steps that do not exceed a

reasoning level of 3." Tr. 23. Snegriev argues that this is a limitation of skill, not attention and

concentration, but cites no authority for this proposition.

This court has found that a restriction to "simple" tasks, without further explanation by

the ALJ, does not adequately capture a "moderate" limitation in concentration, persistence, and

pace, *Berjettej v. Astrue*, 2010 WL 3056799 at * 7-8 (D. Or. July 30, 2010). However, the Ninth

Circuit previously determined a restriction to "simple" tasks is consistent with a "moderate"

limitation in concentration, persistence, and pace if supported by the medical evidence. *Stubbs-*

*Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008); *see also Cox v. Astrue*, 2011 WL

6122954 at *9 (D. Or. Oct. 26, 2011)). Snegriev makes no showing that the medical evidence

does not support the ALJ's findings regarding her "borderline" limitations. In such

circumstances, the ALJ may ask a vocational expert to consider "simple" work. *Id.* Therefore,

Snegriev fails to establish error.

### B. Maria Armstrong-Murphy, M.D.

On March 28, 2011, Dr. Armstrong-Murphy performed a Comprehensive

Musculoskeletal Evaluation of Snegriev. Under Functional Assessment, the doctor noted:

> Given this claimant's chronic subjective complaints of her left
> upper extremity, the following limitations appear to be reasonable,
> although it is unclear the etiology of her subjective complaints.
> Limited upper extremity use with fine dexterity movements such
> as keyboarding or fine motor movements. Handwriting is not
> affected. Keyboarding with 20–minute breaks per hour. No
> standing, walking, hearing, seeing, or traveling limitations are
> indicated. Lifting: She can certainly, without objective findings
> on examination, use her left hand to assist lifting with her right
> hand and not to exceed lifting beyond 45 pounds.

Tr. 418.

The ALJ noted Dr. Armstrong-Murphy's report, and that her "objective findings do not

necessarily support a restriction from fine dexterity movements with her bilateral upper

extremities. The claimant's left arm showed no evidence of atrophy that would generally

accompany disuse due to chronic pain [citation omitted]. Sensation and reflexes were reportedly

intact and symmetrical in all extremities [citation omitted]. Tr. 26.

The ALJ did not err in observing the discrepancy between the severity Plaintiff alleged

and Dr. Armstrong-Murphy's objective assessment. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041

(9th Cir. 2008). The ALJ did not credit bilateral fine dexterity limitations because they were not

based on examination findings. Tr. 26. The ALJ did not err in rejecting a physician's opinion

when it is based on a claimant's subjective report when the ALJ has properly determined that the claimant is not a reliable source. *Id.*

### C. Migraines

Snegriev argues that the ALJ erred by failing to find migraines a severe impairment at step two. At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert,* 482 US 137, 140-41 (1987). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 CFR § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims. *Yuckert,* 482 US at 153-54. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir 1988) (adopting SSR 85-28). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 CFR § 404.1508.

The ALJ properly determined that Snegriev had severe impairments at step two and continued the analysis. Any error in failing to identify other limitations as "severe" at step two is therefore harmless.

9 - OPINION AND ORDER

### D. Anxiety

Plaintiff argues the ALJ erred by failing to list anxiety as a severe impairment at step two. The argument fails as set out above.

Plaintiff contends the ALJ erred by failing to include functional limitations arising from her anxiety in the RFC, but she does not identify any anxiety-related limitations not accounted for in the RFC.

Michael E. Grady, M.D., diagnosed anxiety in October 2009. Tr. 340. Snegriev received treatment for anxiety with Belinda Pearl, L.C.S.W. Tr. 319, 323, 361. However, mental health treatment was sporadic, with numerous missed appointments. Tr. 371-74.

Plaintiff contends the ALJ did not allow her to explain how anxiety affected her ability to work. The hearing transcript indicates that Plaintiff's counsel asked Plaintiff how her depression or anxiety affected her ability to do work-type activities. Tr. 67. Plaintiff responded "[a]fter my surgery, like I mentioned to the Judge, I could not sit around at home, and I answered an ad for in-home provider, just down the street from where I live, and I was unable to do the job requirements, because there was lifting involved." *Id.*

The ALJ did not err is assessing Plaintiff's functional limitations arising from anxiety.

## IV. Vocational Expert

Snegriev argues that the ALJ erred at step five because she was limited to one-to two-step tasks and could therefore only perform work with a reasoning level of one according to the *Dictionary of Occupational Titles ("DOT")*. She contends that the jobs identified by the Vocational Expert ("VE") have reasoning levels of 2-3 and exceed her mental residual functional capacity.

Plaintiff focuses on reasoning levels, which the DOT classifies under "General

Educational Development"("GED"). *See* DOT, App. C, § II, 1991 WL 688702. The GED is an

assessment of three broad areas of educational development, including reasoning, mathematics,

and language.

This court has concluded that an ALJ can rely on a vocational expert's testimony that

limitation to one to two-step tasks is compatible with GED reasoning level two. *Rounds v.*

*Comm'r,* No. 3:12-cv-00342-MA, 2013 WL 1767880 at *10-11 (D.Or. Apr. 24, 2013).

The VE testified that her testimony did not differ from the information found in the *DOT*.

Tr. 73. An ALJ must inquire whether a VE's testimony is consistent with the *DOT*, and if not,

obtain a reasonable explanation for any apparent conflict. *Massachi v. Astrue,* 486 F.3d 1149,

1153 (9th Cir. 2007). Where there is no conflict, the ALJ may rely on the VE testimony.

The ALJ did not err in relying on the VE's testimony.


## CONCLUSION

For these reasons, the ALJ's decision that Snegriev is not disabled  is based on correct

legal standards and supported by substantial evidence.   The decision of the Commissioner is

affirmed.

IT IS SO ORDERED.

Dated this 22 day of August, 2013.

JAMES A. REDDEN
United States District Judge

11  - OPINION AND ORDER